UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allison Jones,

                Plaintiff,

vs.

City of Goodhue, Minnesota,
Goodhue City Police Department,
and Brian Loos,

                Defendants.

Case No. _____
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
    YES x   NO ___

## COMPLAINT

### JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1331. Relief is authorized under 42 U.S.C.A. §§ 2000e et seq.

2.     Venue is proper pursuant to 28 U.S.C.A. § 1391(b), in that the acts complained of occurred principally in counties within the District of Minnesota.

### PARTIES

3.     Defendant City of Goodhue, Minnesota, is a municipal corporation of the State of Minnesota and Defendant Goodhue City Police Department is a department of that municipal corporation (together, "Defendants Goodhue") and conduct business in the State of Minnesota. Defendants Goodhue were provided with Notice of Claim dated September 12, 2017, by letter sent by U.S. Mail by Plaintiff pursuant to Minn. Stat. Sec. 466.05. Defendant Brian Loos ("Defendant Loos") was the chief of police of Defendant Goodhue City Police Department and at all relevant times a resident of the State of Minnesota.

1

4. At all times relevant, Defendants Goodhue employed Plaintiff Allison Jones ("Plaintiff") as a police officer.

5. At all times relevant, Plaintiff was qualified for her position as a police officer with Defendants Goodhue and performed her job duties satisfactorily.

6. At all times relevant, Defendants Goodhue were an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. At all times relevant, Defendants committed acts in violation of federal law within the District of Minnesota.

7. Plaintiff has complied with all conditions precedent to the filing of this claim required by 42 U.S.C.A. § 2000e(5), namely: a charge of discrimination was filed with the Minnesota Department of Human Rights ("MDHR") a State Agency with a work share agreement with the Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the MDHR issued its final determination by letter dated December 10, 2020 and this action was commenced within 45 days of the receipt of the determination by the MDHR. See Exhibit "A". Also, Plaintiff has received a Right to Sue letter from the Department of Justice dated January 21, 2021. See Exhibit "B".

8. Plaintiff has been, at all relevant times, a citizen and resident of the City of Dover, County of Goodhue, State of Minnesota. Plaintiff is expressly authorized to bring this action against both Defendants under the Minnesota Human Rights Act, Minn. Stat. Sec. 363A.33.

9. Under the Minnesota Human Rights Act, Plaintiff is a qualified individual with, and a member of, a protected class based upon her gender.

10. Plaintiff is an "employee" as defined under the Minnesota Human Rights Act, Minn. Stat. §363A.03, Subd. 15.

## FACTS

11. On November 2, 2017, Plaintiff filed a Charge of Discrimination ("Charge") alleging Defendants Goodhue discriminated against her in her employment on the basis of her sex. Specifically, Plaintiff alleged Defendants Goodhue sexually harassed her, wrongfully terminated her employment on the basis of her sex, and in the reprisal terminated her employment, in violation of the Minnesota Human Rights Act ("MHRA").

12. The MDHR cross-filed this charge with the EEOC. Defendants Goodhue has more than 15 employees. Plaintiff did not file this charge with any other agencies.

13. Defendants Goodhue received a copy of the Charge and provided the MDHR with an answer denying they discriminated against Plaintiff.

14. Plaintiff received a copy of Defendants Goodhue's answer to the Charge, submitted a rebuttal statement and additional documents, and participated in an investigatory interview.

2

15. The MDHR has completed its investigation and issued a letter to Plaintiff closing its file dated December 10, 2020, which Plaintiff received on December 14, 2020. Ex. A.

16. Plaintiff is an adult female.

17. On January 29, 2014, Defendants Goodhue hired Plaintiff as a part-time police officer. Plaintiff appropriately and satisfactorily performed her job duties. Plaintiff did not have any documented incidents of job performance concerns or discipline.

18. Defendant Goodhue's sexual harassment policy defines harassment as:

> unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact, or communication of a sexual nature when. such conduct has the purpose of effect of unreasonably interfering with an employee's work performance or creating an intimidating, hostile, or offensive working environment; and the [respondent] knows or should know of the existence of the harassment and fails to take timely and appropriate action.

19. Defendant Goodhue's sexual harassment policy states:

> Victims of alleged sexual harassment and the third persons with knowledge or belief of conduct constituting sexual harassment are encouraged to report it to the supervisor, the City Clerk, or the Mayor. A supervisor or department director, upon receiving such report, must forward the same in confidence to the City Clerk or Mayor within 48 hours; and that "upon receiving any report alleging sexual harassment, the City Clerk, or Mayor will make a written report within ten (10) working days, if practicable.

20. Throughout Plaintiff's employment Defendant Loos sexually harassed Plaintiff through uninvited and unwelcome comments regarding her appearance, persistent phone calls, extensive text messages, an unsolicited photo of male genitals, and incessant attempts to spend time with her. Defendant Loos sent text messages to Plaintiff and called her from his work phone provided by Defendants Goodhue.

21. Defendant Loos would openly comment on Plaintiff's appearance and would inquire about her relationship status with other employees in the workplace.

22. Throughout Plaintiff's employment, Defendant Loos would confront Plaintiff about complaints he allegedly received regarding her enforcement duties. When other Goodhue City

Police Department employees inquired about the veracity of these complaints, Defendant Loos was unable to provide information, details, or the names of who had submitted the complaints. No complaints were ever formally submitted to the Defendants Goodhue regarding Plaintiff. Male police officers were not similarly scrutinized.

23.     At one point during Plaintiff's employment, Defendant Loos attempted to initiate one-on-one ground fighting training with her, requiring Plaintiff's part-time supervisor (sergeant) to intervene in the situation. Defendant Loos only requested that Plaintiff undergo one-on-one training with him. Defendant Loos never requested that male officers participate in one-on-one training with him.

24.     Throughout Plaintiff's employment, Defendant Loos would tell Plaintiff to call him once she got home and regularly questioned her about her dating life. Defendant Loos did not ask other employees to call him once they got home and did not ask them about their dating life.

25.     On February 6, 2016, Plaintiff told a coworker that she had been receiving inappropriate messages from Defendant Loos. The coworker encouraged her to tell someone. However, Plaintiff feared Defendants Goodhue would retaliate by terminating her employment. After disclosing this sexual harassment, Plaintiff routinely asked the coworker to accompany her until the end of her shift so she would not be alone with Defendant Loos.

26.     On October 24, 2016, Defendant Loos texted Plaintiff regarding their upcoming attendance at a work conference. Defendant Loos told Plaintiff he would need to share a room with her due to "taxpayer dollars and all." Plaintiff told Defendant Loos she was not able to room with him.

27.     On November 16, 2016, Defendant Loos suggested he drive to the conference to see Plaintiff and texted her:

> "u have always been my girl;"

> "[You are] smoking hot u are the total women [sic] Trust me I have had sex 4 times this year;"

> "it's ok I'm not sexy its all my fault;"

> R u alone…

> U wanna share pics? Just wondering;"

> "I'm jealous I would love to c u get ready for bed;"

4

28.     On January 3, 2017, Defendant Loos requested if he could send Plaintiff a photo of his genitals, sent an unsolicited photo of male genitals, and texted her stating:

"I'm so sorry, I am so sorry, I have a small penis;

"Ok I have pics to show u if your [sic] interested;"

"I'm so sorry, u can do better than me.

I wish I could have u but I'm old;"

"Omg can I send u a pic u have turned me on…

U are so beautiful, u can have any Man u want, but I will protect u no matter what;"

"Only if u want me and u think I'm hot I know how I am…

I have pics if your [sic] interested…

U know how I feel about you;"

"Omg can I send u a pic…

U are beautiful

U want pics

I have a small penis;"

"U know I love u…

[Plaintiff] u know lpvr [sic] u with all my heart b

Please let me show u my junk

I hAve always lived [sic} u

Loved u

Please can I show smithing [sic] […

>Can I show my dick…
>
>Can I call u or show my small dick…
>
>[photo of genitals]
>
>Really what's up
>
>Really we can't just joke around
>
>Ok so sorry had one to [sic] many drinks
>
>Please forgive me"

29. Defendant Loos admitted that he "talked all the time and flirted" but has denied sending Plaintiff lewd photos.

30. Upon information and belief, Defendant Goodhue employees knew of Defendant Loos's general behavior towards Plaintiff by his comments that Plaintiff was "good looking and very attractive," his questioning of employees about Plaintiff's dating life, his significant attention toward Plaintiff, and his remarks about her Plaintiff's bra. Defendant Loos would text and call Plaintiff at all hours but failed to communicate with other staff.

31. The chief of police job description states that Defendant Loos "plans, organizes, directs, and reviews the operations of the Police Department" and oversees its policies, procedures, and standards and practices.

32. Defendants Goodhue's sexual harassment policy states that in addition to reporting sexual harassment to third persons, the City Clerk, or the Mayor, "a supervisor…upon receiving such a report, must forward the same in confident to the City Clerk or Mayor within 48 hours."

33. In June 2017 Plaintiff reported Defendant Loos's sexually harassing conduct to her part-time supervisor/sergeant. The sergeant did not take action or inform Defendants Goodhue of the harassment.

34. On July 8, 2017, Plaintiff was dispatched outside of the Goodhue city limits to a fire and the mayor of the City of Goodhue observed the squad car outside of city limits.

35. On July 9, 2017, the mayor of the City of Goodhue approached Defendant Loos to ask why the squad car was outside of city limits. Defendant Loos called Plaintiff who stated she had been dispatched to a fire.

36. Defendants Goodhue alleged Plaintiff demanded Defendant Loos tell her who was questioning her whereabouts, called the mayor of the City of Goodhue a "son of a bitch," and swore at him. Subsequently, the sergeant allegedly called the mayor. Following these conversations, the mayor informed the Defendants Goodhue that Plaintiff and the sergeant should be terminated for insubordinate behavior. The Defendants Goodhue alleged Defendant Loos was not involved in the decision to terminate Plaintiff's employment.

37. Plaintiff did not call the mayor of the City of Goodhue a "son of a bitch" and was not insubordinate.

38. On or around July 13, 2017, Defendants Goodhue told Plaintiff that they no longer had hours for her and would not be placing her on the schedule. At this time, the Defendants Goodhue also removed the sergeant from the schedule and promoted a part-time male officer, who had trained in with Plaintiff, to the position of full-time officer.

39. Defendants Goodhue further alleged that on her way out the door, Plaintiff stated "those mother fuckers fired me" to her colleagues. Plaintiff, however, never made such a statement.

40. The Defendants Goodhue alleged it removed Plaintiff from the schedule due to her insubordinate behavior towards the mayor.

41. Defendants Goodhue did not tell Plaintiff a reason for her termination of employment.

42. Additionally, on July 16, 2017, the sergeant called Defendant Loos. At that time, Defendant Loos told the sergeantPlaintiff was "still employed [at Defendants Goodhue], but with budget constraints we just don't have enough hours." Defendant Loos also stated, with respect to Plaintiff's license,

"I'm gonna keep [Plaintiff's] license activated… that way when she gets backgrounded by somebody else, I can say, hey here, yep she's been keeping up with her post stuff we had a budget thing and uhm, it we didn't have enough hours for her," and
"I'm the only one that can get rid of [Plaintiff's license] and I'm not gonna do that."

43. On August 21, 2017, Plaintiff sent a letter to Defendants Goodhue, stating Plaintiff suffered damages arising out of an unlawful termination of employment and sexual harassment… Plaintiff was subjected to sexual harassment by employee(s) of the Defendants

7

Goodhue, specifically, Defendant Loos. Plaintiff also sent Defendants Goodhue a Notice of Loss or Claim of Injury dated September 12, 2017, by letter dated September 12, 2017 pursuant to Minn. Stat. Sec. 466.05.

44. Defendants Goodhue's sexual harassment investigation and recommendation policy states it is to "make a written report within ten (10) working days, if practicable."

45. In its answer to the MDHR, Defendants Goodhue alleged it hired an independent investigator to "look into possible allegations of inappropriate conduct by Defendant Loos towards Plaintiff."

46. On September 25, 2017, Defendants Goodhue sent a letter to a Defendants Goodhue council member, requesting that he conduct an independent investigation to look into possible allegations of inappropriate conduct by Defendant Loos towards Plaintiff." However, an independent investigator was never hired, and a report was not completed.

47. On November 9, 2017, Defendants Goodhue received the MDHR's charge.

48. On November 21, 2017, Defendant Loos voluntarily resigned from his position.

49. Defendants Goodhue and Defendant Loos subjected Plaintiff to an ongoing campaign of sexual harassment.

50. Defendant Loos's sexually derogatory comments and suggestions were implicitly accompanied by threats against Plaintiff unless Plaintiff responded favorably to the overtures. Thus, Defendants Goodhue and Defendant Loos forced Plaintiff to endure a work environment in which she was expected to perform sexual favors in exchange for certain terms and conditions of employment, such as maintaining regular work hours and employment.

51. The sexual harassment by a male Defendant Goodhue employee, i.e., Defendant Loos, went beyond the workplace for Plaintiff as set forth previously in this Complaint.

52. The sexual harassment often extended beyond derogatory comments and suggestions and involved at least on attempt of unconsented physical touching by Defendant Loos.

53. Defendants Goodhue had a duty to provide Plaintiff with a workplace free from unlawful discrimination and sexual and gender harassment.

54. Defendants Goodhue breached their duty to Plaintiff by tolerating and facilitating a workplace in which demeaning and offensive behavior regularly existed.

55. Defendants Goodhue engaged in a pattern or practice of tolerating and encouraging sexual harassment in the workplace.

56. Defendants Goodhue failed to take prompt action to prevent and remediate the harassment of Plaintiff.

57. Plaintiff's reporting of reporting the sexual harassment she has endured in the workplace was interfered with by the failure of Defendant Goodhue employees to properly follow Defendant Goodhue's sexual harassment policy.

58. Defendants Goodhue had a duty to provide Plaintiff with a work environment in which she was free to object to sexual harassment without being retaliated against through intimidation and termination of employment.

59. Defendants Goodhue breached their duty to Plaintiff by tolerating intimidation and retaliation for the reporting of sexual harassment and interference with reporting thereof.

60. When Plaintiff reported incidents of sexual harassment, the supervisor to whom she reported the sexual harassment failed to follow proper procedure and report the behavior to the city council and/or Mayor, or in the alternative the supervisor reported the sexual harassment to the Mayor, a close acquaintance of the Chief of Police, who ignored the report and eventually retaliated against Plaintiff by initiating termination proceedings against her.

61. Defendants Goodhue's formal procedure for reporting sexual harassment fails to inform employees who want to file sexual discrimination charges against Defendant Goodhue with the EEOC or the MDHR from meeting the reporting deadlines required by federal and Minnesota statutes.

62. Defendants Goodhue had a duty to provide Plaintiff with accurate information on the filing deadlines and procedures to file a charge of discrimination and/or retaliation against Defendants Goodhue.

63. Defendants Goodhue breached their duty to Plaintiff by attempting to circumvent her effort to file a charge of discrimination against Defendant Goodhue and by retaliating against her by denying her work schedule hours and terminating her employment.

64. Plaintiff has complied with all conditions precedent to filing this lawsuit and her causes of action are timely filed.

## COUNT I.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000e et seq.—SEXUAL HARASSMENT

65. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1 through 64.

66. Plaintiff was subjected to a continuing and ongoing campaign of sexual harassment and discrimination in the workplace because of her female sex.

67. When Plaintiff reported the incidents of sexually derogatory comments, unwanted touching, and other harassment to Defendants, the reports were rebuffed or otherwise not acted upon.

68. On information and belief, Defendants engaged in a pattern and practice of such behavior to prevent Plaintiff, a victim of sexual discrimination from obtaining redress for the illegal acts of the Defendants.

69. On information and belief, Defendants Goodhue's standard operating procedure allowed the sexual harassment to continue to pervade Defendants Goodhue's workplace by preventing Defendant Loos from being held liable for the intolerable work environment he caused.

70. On information and belief, Defendants DOC willfully, intentionally, and maliciously failed to address Plaintiff's complaints of sexual discrimination allowing the practices to continue.

71. As a direct and proximate result of the described acts, Plaintiff has suffered mental anguish, distress, humiliation, great expense, including medical bills, lost wages, and loss of enjoyment of life to justify an award of economic and compensatory damages against Defendants. Plaintiff has incurred damages, including, but not limited to, the following:

(a) economic damages, loss of salary, benefits, compensation and/or bonuses accorded her in her position with Defendants City of Goodhue and Goodhue City Police Department, and loss of past and future income opportunities in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

(b) personal humiliation, personal injury, pain and suffering, emotional distress, damage to professional and personal reputation, past and future medical expenses, and mental distress and anguish in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

(c) punitive damages as provided under Federal statute.

## COUNT II.

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000e et seq.—RETALIATION

72. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1 through 64.

73. Plaintiff objected to sexual discrimination in the workplace and/or refused to participate in unlawful sexual activities. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964, as amended.

74. Defendants retaliated against Plaintiff by, among other ways, terminating her employment.

75. By virtue of the conduct described above, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by retaliating against Plaintiff because of their opposition to Defendants' unlawful employment practices.

76. The acts and omissions of Defendants were outrageous, wanton, intentional, reckless and in deliberate disregard of Plaintiff's established rights.

77. As a direct and proximate result of the described acts, Plaintiff has suffered mental anguish, distress, humiliation, great expense, including medical bills, loss of wages and loss of enjoyment of life to justify an award of economic and compensatory damages against defendant. Plaintiff has incurred damages, including, but not limited to, the following:

   (a) economic damages, loss of salary, benefits, compensation and/or bonuses accorded her in her position with Defendants City of Goodhue and Goodhue City Police Department, and loss of past and future income opportunities in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

   (b) personal humiliation, personal injury, pain and suffering, emotional distress, damage to professional and personal reputation, past and future medical expenses, and mental distress and anguish in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

   (c) punitive damages as provided under Federal statute.

## COUNT III.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 1983 et seq.

78. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1 through 64.

79. This is an action to redress violations of Plaintiff's civil rights, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 1983. This court has jurisdiction pursuant to 28 U.S.C.A. § 1343, and pendent jurisdiction over plaintiff's state law claims.

80. Defendant Loos was an employee of Defendants Goodhue, and in connection with the acts alleged in this complaint were acting as agents of Defendants Goodhue, within the scope of his employment.

81. During the period of Plaintiff's employment, Defendant Loos served as Police Chief with authority to hire new police officers, subject to the approval of higher management, to supervise all aspects of the police officer work assignments, to engage in counseling, to deliver oral reprimands, and to make a record of any such discipline.

82. While Plaintiff was employed by Defendants Goodhue, Defendants created a sexually hostile atmosphere by repeatedly subjecting Plaintiff to harassing behavior as set forth previously in paragraphs 1 to 64 of this Complaint.

83. The conduct of Defendant Loos amounted to discrimination in the terms, conditions, and privileges of plaintiff's employment, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C.A. § 1983.

84. The acts and omissions of Defendants were outrageous, wanton, intentional, reckless and in deliberate disregard of Plaintiff's established rights.

85. As a direct and proximate result of the described acts, Plaintiff has suffered mental anguish, distress, humiliation, great expense, including medical bills, loss of wages and loss of enjoyment of life to justify an award of economic and compensatory damages against defendant. Plaintiff has incurred damages, including, but not limited to, the following:

> (a) economic damages, loss of salary, benefits, compensation and/or bonuses accorded her in her position with Defendants City of Goodhue and Goodhue City Police Department, and loss of past and future income opportunities in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);
>
> (b) personal humiliation, personal injury, pain and suffering, emotional distress, damage to professional and personal reputation, past and future medical expenses, and mental distress and anguish in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);
>
> (c) punitive damages as provided under Federal statute.

## COUNT IV.

## **MINNESOTA HUMAN RIGHTS ACT VIOLATION—RETALIATION**

86. Plaintiff restates, reiterates, and incorporates Paragraphs 1 through 64 as if fully set forth herein.

87. Since at least January 2014 and continuing to at least July 13, 2017, Defendants Goodhue has engaged in unlawful employment practices in violation of the Minnesota Human Rights Act. These practices include, but are not limited to, Defendants City of Goodhue and Goodhue City Police Department's termination of Plaintiff in retaliation for her refusal to submit to the unwelcome sexual advances of her supervisor, Chief of Police. Defendants Goodhue allowed and fostered an environment where a supervisor demanded that Plaintiff perform sexual acts in exchange for a change in hours and/or continued employment, and Defendants Goodhue fostered and allowed a supervisor to have the authority to fire Plaintiff when she refused to acquiesce to his advances.

88. Defendants' practices deprived Plaintiff of equal employment opportunities and otherwise adversely affect her employment and status as an employee.

89. The unlawful employment practices complained of herein were, and are, intentional.

90. Defendants Goodhue's unlawful employment practices complained of herein including, without limitation, Defendants Goodhue termination of Plaintiff's employment based on, and in retaliation for, her refusal to submit to the sexual advances of Defendant Loos in exchange for a change in her hours, and as a condition of employment, constitute a sexual harassment in the form of a *quid pro quo* situation and resulted in unfair discriminatory practices under the Minnesota Human Rights Act.

91. The unlawful employment practices complained of above were performed by Defendant Loos, a supervisor of Plaintiff and managerial employee at Defendants Goodhue with deliberate disregard for the statutorily protected rights of Plaintiff. Defendant Loos demanded sexual acts from Plaintiff as a *quid pro quo* to change her work hours; and Defendant Loos demanded sexual favors from Plaintiff as a *quid pro quo* for continued employment at City of Goodhue and Goodhue City Police Department. Therefore, because of the *quid pro quo* nature of the sexual harassment, Defendants Goodhue is strictly liable for Defendant Loos's conduct.

92. As a direct and proximate result of Defendants City of Goodhue and Goodhue City Police Department's unfair discriminatory practices and employment discrimination, and because Defendants Goodhue is strictly liable for the *quid pro quo* sexual harassment of Plaintiff by Defendant Loos. Plaintiff has incurred damages, including, but not limited to, the following:

(a) economic damages, loss of salary, benefits, compensation and/or bonuses accorded her in her position with Defendants City of Goodhue and Goodhue City Police Department, and loss of past and future income opportunities in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

(b) personal humiliation, personal injury, pain and suffering, emotional distress, damage to professional and personal reputation, past and future medical expenses, and mental distress and anguish in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

(c) treble damages as allowed under the Minnesota Human Rights Act, Minn. Stat. §368A.33, Subd. 6 and §368A.29, Subd. 4; and,

(d) punitive damages as provided under the Minnesota Human Rights Act, Minn. Stat. §368A.33, Subd. 6 and §363A.29, Subd. 4.

### COUNT V.

### MINNESOTA HUMAN RIGHTS ACT VIOLATION—HOSTILE WORK ENVIRONMENT

93. Plaintiff restates, reiterates, and incorporates Paragraphs 1 through 64 as if fully set forth herein.

94.     That since at least January 2014 and continuing to at least July 13, 2017, Defendants Goodhue engaged in unlawful employment practices in violation of the Minnesota Human Rights Act at its Goodhue, Minnesota facility. These practices include, but are not limited to, Defendants Goodhue's termination of Plaintiff in retaliation for her refusal to submit to the unwelcome sexual advances of her supervisor, Defendant Loos, as well as the other sexually harassing acts described hereinabove, all of which together created a hostile work environment. Defendants Goodhue allowed and fostered a hostile work environment based upon sexual harassment and which was an unfair discriminatory practice under the Minnesota Human Rights Act.

95.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her employment and status as an employee.

96.     The unlawful employment practices complained of above were and are intentional.

97.     Defendants Goodhue is vicariously liable for Defendant Loos's sexually harassing conduct against Plaintiff, which is complained of herein, because it created a hostile work environment based upon sexual harassment and in violation of the Minnesota Human Rights Act.

98.     The unlawful employment practices complained of herein were performed by Defendants Goodhue with deliberate disregard for the statutorily protected rights of Plaintiff.

99.     As a direct and proximate result of Defendants City of Goodhue and Goodhue City Police Department's unfair discriminatory practices and employment discrimination, and as a direct and proximate result of Defendant Loos's sexually harassing conduct complained of herein which led to a hostile work environment for which Defendants Goodhue is vicariously liable, Plaintiff has incurred damages which include the following:

   (a)   economic damages, loss of salary, benefits, compensation and/or bonuses accorded her in her position with Defendants City of Goodhue and Goodhue City Police Department, and loss of past and future income opportunities in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

   (b)   personal humiliation, personal injury, pain and suffering, emotional distress, damage to professional and personal reputation, past and future medical expenses, and mental distress and anguish in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000);

   (c)   treble damages as allowed under the Minnesota Human Rights Act, Minn. Stat. §368A.33, Subd. 6 and §368A.29, Subd. 4; and,

   (d)   punitive damages as provided under the Minnesota Human Rights Act, Minn. Stat. §368A.33, Subd. 6 and §363A.29, Subd. 4.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Enter judgment on behalf of Plaintiff against Defendants Goodhue on Counts I, II, III, IV and V;

2. Enter judgment on behalf of Plaintiff against Defendant Loos on Count III.

3. Award Plaintiff compensatory, treble, and punitive damages against all Defendants in amounts to be determined by the jury;

3. Award Plaintiff lost wages and any other entitlements until they are made whole;

4. Award Plaintiff reasonable attorney's fees, court costs, expenses, prejudgment interest, and post judgment interest;

5. Declare that the conduct of Defendants is in violation of 42 U.S.C.A. §§ 2000e et seq., as amended; 42 U.S.C.A. §§ 1983 et seq.); the Minnesota Human Rights Act; and,

6. Grant any other relief that this court deems just and proper.

Dated: January 22, 2021

***RESTOVICH BRAUN & ASSOCIATES***

By: Thomas R. Braun # 0350631
Bruce K. Piotrowski, #195194
Attorneys for Plaintiff
117 East Center Street
Rochester, Minnesota 55904
Telephone: (507)288-4840
Facsimile: (507)288-4908
Email: tom@restovichlaw.com
         bruce@restovichlaw.com